IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIUS J. WILLIAMS,** | : | |
| Petitioner | : | |
| | : | No. 1:21-cv-231 |
| v. | : | |
| | : | (Judge Rambo) |
| **SCOTT FINLEY,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Darius J. Williams ("Williams")'s petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the petition will be dismissed without prejudice for lack of jurisdiction.

**I.   Background and Procedural History**

In 2017, Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, cocaine base, and marijuana and possession of a firearm by a felon in the United States District Court for the Eastern District of North Carolina. *See United States v. Williams*, No. 7:17-CR-84, 2021 WL 398155, at *1 (E.D.N.C. Feb. 4, 2021). He was sentenced to concurrent sentences of 225 months of imprisonment on the drug conviction and 120 months of imprisonment on the firearm conviction. *Id.*

Williams moved for compassionate release pursuant to 18 U.S.C. § 3582 in June 2020. *Id.* The sentencing court denied the motion in August 2020. *Id.*

Williams filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582 on November 3, 2020. *Id.* As relevant to the instant case, Williams argued in that motion that the conduct underlying his felon in possession conviction was no longer criminal in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019) and circuit court precedent interpreting *Rehaif*. *See Williams*, 2021 WL 398155, at *1-2. The sentencing court denied this motion, noting that the court felt "confident, at least for purposes of the instant motion, that defendant knew of his felony status based on the offense conduct and his prior felony convictions, including a federal one for felon in possession of a firearm, detailed in his presentence report." *Id.* at *2. Williams appealed, and the United States Circuit Court for the Fourth Circuit affirmed on July 23, 2021. *United States v. Williams*, 853 F. App'x 897, 897-98 (4th Cir. July 23, 2021).

    Williams filed the instant petition while his appeal to the Fourth Circuit was still pending on February 8, 2021. (Doc. No. 1.) Williams's sole claim for habeas corpus relief is that the conduct underlying his felon in possession conviction is no longer criminal in light of *Rehaif*. (Doc. Nos. 1-2.) Respondent responded to the petition on May 13, 2021, arguing that the petition should be dismissed for lack of jurisdiction or, alternatively, that it should be denied on its merits. (Doc. No. 14.) Williams filed a reply brief in support of his petition on June 3, 2021. (Doc. No. 15.) The petition is ripe for review.

## II.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  28 U.S.C. § 2255(e).  The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).  Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." *See id.* at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*).  Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

3

requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Williams has not shown that a § 2255 motion would be inadequate or ineffective to adjudicate his claim. Although several decisions in this district have allowed petitioners to bring claims based on *Rehaif* through § 2241 habeas corpus petitions, *see, e.g.*, *Weston v. Howard*, No. 1:20-CV-996, 2022 WL 287829, at *2 (M.D. Pa. Jan. 31, 2022); *Richardson v. Warden of USP-Allenwood*, No. 1:20-CV-00633, 2021 WL 5038960, at *4 (M.D. Pa. Oct. 29, 2021), those cases allowed the claims to proceed under the *Dorsainvil* exception because the petitioners did not have an earlier opportunity to raise their *Rehaif* claims. That situation is not present here. Williams raised his *Rehaif* claim in his second motion for compassionate release before the sentencing court, the court rejected the claim on its merits, and the circuit court affirmed. *See Williams*, 853 F. App'x at 897-98. Thus, Williams had an earlier opportunity to raise his claim and *Dorsainvil* is inapplicable. *See Crenshaw v. United States*, No. 1:17-CV-26, 2017 WL 282868,

4

at *2 (M.D. Pa. Jan. 23, 2017) (finding that court lacked jurisdiction to consider § 2241 habeas corpus petition where petitioner had previously raised claim through motion for compassionate release under § 3582); *accord Covington v. Ebbert*, No. 3:19-CV-921, 2019 WL 2716160, at *2 (M.D. Pa. June, 28, 2019).  The court accordingly finds that it lacks jurisdiction to consider Williams's petition.

      Moreover, even if the court had jurisdiction, the court would likely deny the petition on its merits.  Williams's claim is based on *Rehaif*, where the Supreme Court clarified the *mens rea* that is necessary for a criminal defendant to knowingly possess a firearm as a convicted felon in violation of 18 U.S.C. § 922(g).  *Rehaif*, 139 S. Ct. at 2194.  The Court held that the word "knowingly" applies to both the defendant's conduct and the defendant's status.  *Id.*  Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Id.*  In other words, "[i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  *Greer v. United States*, 593 U.S. __, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

      Petitioners seeking relief based on *Rehaif's* knowledge of status requirement face a high bar because "convicted felons ordinarily know that they are convicted felons."  *See id.* at 2095, 2097.  For this reason, a petitioner who has pleaded guilty

to possession of a firearm as a convicted felon must show "that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Id.* at 2097.

Here, Williams has not provided any reasonable basis to find that he would not have pleaded guilty beyond his conclusory assertion that he would not have done so. (*See* Doc. 1-1 at 1.) The court agrees with the conclusion of the Eastern District of North Carolina that the record of Williams's underlying criminal case shows that he "knew of his felony status" at the time he pleaded guilty. *Williams*, 2021 WL 398155, at *2.

In sum, the court finds that dismissal of this petition is warranted for lack of jurisdiction and that, even if the court had jurisdiction, the petition would likely be denied on its merits.

### III. Conclusion

For the foregoing reasons, Williams's petition for writ of habeas corpus is dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

        s/ Sylvia H. Rambo
        United States District Judge

Dated: September 21, 2022